FILED
JAN 30 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Sydney E. Smith,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Petitioner,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　　)　　Civil Action No. 14-141
　　　　　　　　　　　　　　　　　　)
United States Department of Justice *et al.*,　)
　　　　　　　　　　　　　　　　　　)
　　　　Respondent.　　　　　　　　　)

MEMORANDUM OPINION

The petitioner, a District of Columbia prisoner incarcerated at the Federal Correctional Institution Schuylkill in Minersville, Pennsylvania, has submitted an action seeking a writ of habeas corpus and an application to proceed *in forma pauperis*. For the following reasons, the Court will grant the application to proceed *in forma pauperis* and will dismiss the case for lack of jurisdiction.

This action is styled "Re: Unlawful Restrain of Individual Liberty." Pet. at 2. The sweeping allegations are difficult to follow. At best, they constitute a challenge to the petitioner's 2001 murder conviction in the Superior Court of the District of Columbia following a jury trial and his prison sentence of 30 years to life. *See* Pet. at 7-10, 12. The petitioner's recourse lies, if at all, in the Superior Court under D.C. Code § 23-110. *See Blair-Bey v. Quick*, 151 F.3d 1036, 1042-43 (D.C. Cir. 1998) (describing § 23-110 as "a remedy analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wished to challenge their conviction or sentence"); *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) ("Since passage of the Court Reform Act [in 1970], . . . a District of Columbia prisoner seeking to collaterally attack his sentence must do so by motion in the sentencing court - the Superior

Court - pursuant to D.C. Code § 23-110."). Section 23-110 states:

> [an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). Absent a showing of an inadequate or ineffective local remedy, "a District of Columbia prisoner has no recourse to a federal judicial forum." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986), *cert. denied*, 479 U.S. 993 (1986) (internal footnote omitted). Because the petitioner has not shown that his local remedy is inadequate to address his claims, the Court will dismiss this habeas action for lack of jurisdiction. A separate Order accompanies this Memorandum Opinion.

/s/ Reggie B. Walton
United States District Judge

DATE: January 7, 2014